Joseph Rhodes
vs.
Olney & Payne Bros., Inc.
} W. C. A. No. 1264.

January 21, 1932.

BLODGETT, P. J. Heard upon petition for compensation.

This petition for compensation under the Workmen's Compensation Act was heard by the Commissioner of Labor and upon October 30, 1931, the petition was dismissed.

The matter comes up on an appeal from said decision. The commissioner filed a memorandum giving his reasons for such dismissal.

From the testimony it appears that petitioner received an injury handling bags of coal while in the employ of present respondent December 2, 1927, for which compensation was paid, amounting to $412.50.

July 2, 1928, petitioner signed a gen-

eral release to respondent in consideration of $150 paid for commutation of payments by a lump sum. Petitioner subsequently entered the employ of respondent, performing like services as before, and claims to have received an injury in much the same manner January 21, 1931.

The testimony of petitioner is not very satisfactory as to the exact date of the second alleged accident, or as to whether he made any report to the foreman in charge of the yard where the accident occurred. In fact, the foreman testified that no report was made to him of an accident on said date or at any time subsequent. Petitioner claims to have been injured, while lifting bags of coal, on the right side of his abdomen, being the location of the former injury received by him in 1927 for which he gave, as stated above, a general release. It was not until February 4, 1931, that he consulted a physician, and afterward received treatment at a hospital from which he was discharged February 18, 1931.

Petitioner is suffering from a hernia and the issue is whether same is due to the accident in 1927 or the alleged accident in 1931. In the accident of December 3, 1927, the injury is set forth as "Strain of Intestines right side."

Dr. Albert L. Vandale, who examined him in February, 1931, and also subsequent to his discharge from the hospital, testifies he found a "right inguinal hernia."

February 3, 1931, petitioner testifies he went back to the coal yard and attempted to work, but found he could not lift the coal bags without great pain and discontinued work. The following day, February 4, he consulted Dr. Vandale, who sent him to the hospital. On discharge from the hospital (Feb. 18, 1931) revised diagnosis from surgical ward is "Potential right inguinal hernia."

Dr. Vandale testifies he found an inguinal hernia in right lower abdomen. Dr. Marquis, who examined petitioner March 3, 1931, could find no inguinal hernia.

Petitioner has been wearing a truss since the last examination and claims to be able to do light work.

Two questions arise:

1. Was his second accident the result of the accident of 1927 for which petitioner received compensation and gave respondent, being same respondent as in present case, a general release?

2. Did petitioner give respondent the notice required by the Act?

The testimony as to notice on part of petitioner is very vague, as is also his testimony as to the date of the accident. He claims that upon the day after the accident his wife telephoned to the office of respondent the fact that he (petitioner) was not reporting for work. The wife does not testify as to sending such a message or what it was. Petitioner returned to work about two weeks after the accident and worked part of the day. He was examined March 3, 1931, by Dr. Marquis at the request of the respondent. This would seem to imply that respondent must have in some way learned of the accident within one month of the happening.

As to the first question, there is no doubt respondent permitted petitioner to resume his work in the yard in the condition he then was.

Following the precedents established in *Carroll* vs. *What Cheer Stables Co.*, 38 R. I. 421, and *Desrochers* vs. *Atwood-Crawford Co.*, 47 R. I. 116, the Court is of the opinion that petitioner suffered a second accident on January 21, 1931, which accelerated the injuries resulting from the accident of 1927, and that petitioner is entitled to receive compensation from respondent for ten weeks following January 31, 1931.

Decree to this effect may be entered.
For petitioner: Fergus J. McOsker.
For respondent: Clifford A. Kingsley.